UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-CV-81322-EA

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

Plaintiff,

v.

SCHUMACHER AUTO GROUP, INC.,

Defendants.
_______________________________________/

**REPORT AND RECOMMENDATION ON JOINT MOTION FOR APPROVAL OF CONSENT DECREE**

THIS CAUSE comes before the Court upon the Joint Motion of Plaintiff, the U.S. Equal Employment Opportunity Commission, and Defendant, Schumacher Auto Group, Inc., for Approval of Consent Decree. ECF No. 3. The Motion was referred to me by U.S. District Judge Ed Artau. ECF No. 4.

The parties ask the Court to approve and execute the Consent Decree attached to the Motion, and to retain jurisdiction to enforce the Consent Decree's terms. ECF No. 3 at 6, ECF No. 3-1. "District courts should approve consent decrees so long as they are not unconstitutional, unlawful, unreasonable, or contrary to public policy." *Stovall v. City of Cocoa, Fla.*, 117 F.3d 1238, 1240 (11th Cir. 1997) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977)). When, as here, the claim underlying the consent decree is meant to enforce a statute, the consent decree "must be consistent with the statutory objections." *Fla. Wildlife Fed'n, Inc. v. Jackson*, No. 08-CV-324,

2009 WL 5217062, at*3 (N.D. Fla. Dec. 30, 2009) (citing *White v. Alabama*, 74 F.3d 1058, 1074 n.52 (11th Cir. 1996)).

I conclude that the Consent Decree is not unconstitutional, unlawful, unreasonable, or contrary to public policy. Furthermore, I find that the Consent Decree is consistent with the statutory objections of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, as amended by the Americans with Disabilities Act Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat 3553 (2008), cited in the Consent Decree. *See* ECF No. 3-1 ¶1.

Accordingly, it is **RECOMMENDED** that the Motion be **GRANTED** and the Consent Decree be approved and entered.

**NOTICE OF RIGHT TO OBJECT**

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Ed Artau, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE AND SUBMITTED** in Chambers this 22nd day of October, 2026, at West Palm Beach in the Southern District of Florida.

BRUCE REINHART
United States Magistrate Judge